IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE MARKETING STORE WORLDWIDE, LP, <br><br> Plaintiff, <br><br> v. <br><br> WILD PLANET ENTERTAINMENT, INC., <br><br> Defendant. | No.: 1:12-cv-04338 <br><br> Hon. Rebecca R. Pallmeyer |

## MOTION FOR ENTRY OF JUDGMENT

NOW COMES Plaintiff, The Marketing Store Worldwide, LP ("TMSW"), by its undersigned attorney, to move this Court to enter judgment pursuant to the terms of the settlement agreement between TMSW and Defendant Wild Planet Entertainment, Inc. ("Wild Planet"), and in support of its motion states:

## BACKGROUND

1. TMSW filed its three-count Complaint on June 4, 2012 [Docket No. 1]. An Amended Complaint was filed on June 11, 2012 [Docket No. 5]. TMSW brought claims for breach of contract, unjust enrichment, and promissory estoppel, arising out of Wild Planet's failure and refusal to make payments on invoices TMSW issued to Wild Planet for products delivered to and accepted by Wild Planet.

2. Wild Planet never entered an appearance, and never filed an Answer.

3. On or around August 8, 2012, the parties agreed to settle this lawsuit, and memorialized the terms of the settlement in a written Agreement (the "Agreement"). The Agreement is attached as Exhibit A.

4. On September 7, 2012, TMSW, through counsel, submitted to this Court a Stipulation of Dismissal with Prejudice. On September 11, 2012, this Court entered a Minute Order dismissing the cause with prejudice. Pursuant to that order, this Court retained jurisdiction for 120 days to enforce the terms of settlement. [Docket No. 13]

## THE TERMS OF THE SETTLEMENT AGREEMENT

5. Pursuant to the Agreement, Wild Planet granted TMSW the right to sell certain inventory owned by Wild Planet and apply a percentage of the proceeds towards its outstanding debt (the "Inventory Sale"). As a material condition of the Agreement, Wild Planet was to secure licensing and intellectual property rights from Sega (the "Sega Permissions") so that TMSW could effectuate the Inventory Sale. Any failure by Wild Planet's to deliver the Sega Permissions entitled TMSW to enforce a Confession of Judgment. (Ex. A, ¶1(a).)

6. Specifically, the Agreement states:

> In the event that Wild Planet does not, on or before August 15, 2012, deliver the Sega Permissions in form reasonably satisfactory to TMSW, then TMSW shall be entitled to enforce the Confession of Judgment attached hereto as Exhibit A in the amount of the Principal Amount, *plus* all accrued and unpaid Finance Charges, *less* any payments by Wild Planet previously made to TMSW under Section 2(c) above, without further action or permission from Wild Planet or its representatives.

(Ex. A, ¶1(a).)

7. The Confession of Judgment was attached and incorporated into the Agreement and signed by Wild Planet, and is attached here as Exhibit B.

8. As reflected in the opening recitation of the Agreement, the total amount owed at the time the parties entered into the Agreement was $1,422,903. (Ex. A, ¶1.) Penalties, interest and fees accrue on this amount at the rate of 1.5% per month. *Id.*

### WILD PLANET'S BREACH OF THE AGREEMENT

9. As of the filing of this Motion, Wild Planet has not delivered the Sega Permissions. See Affidavit of Ned Flanagan, attached as Exhibit C, ¶5.

10. Because of this breach, TMSW has been unable to effectuate the Inventory Sale. *Id.* at ¶6.

11. Wild Planet's failure to deliver the Sega Permission is a material breach of its obligations under the Agreement and, pursuant to the terms of the Agreement, entitles TMSW to seek entry of the judgment.

12. Under the Agreement, TMSW is now entitled to enforce the Confession of Judgment, in the amount of $1,422,903 *plus* all accrued and unpaid Finance Charges, *less* any payments by Wild Planet previously made to TMSW pursuant to the Agreement. TMSW is entitled to this relief without further action or permission from Wild Planet or its representatives.

13. To date, Wild Planet has made no payments to TMSW under the Agreement. See Affidavit of Robert Brady, attached as Exhibit Ex. D, ¶6.

14. With all accrued and unpaid Finance Charges, TMSW is now owed $1,444,246, and is entitled to a judgment in this amount. *Id.* at ¶7.

WHEREFORE, Plaintiff The Marketing Store Worldwide, LP, respectfully requests that the Court enter judgment in their favor and against Wild Planet Entertainment, Inc., and enter an Order:

a) Awarding TMSW an Order of Judgment in the Amount of $1,444,246, and

b) Awarding TMSW such further relief as the Court deems just and appropriate.

Dated: September 26, 2012          THE MARKETING STORE WORLDWIDE, LP

By: /s/ Timothy R. Carraher
      One of its Attorneys

Timothy R. Carraher (6299248)
Reed Smith, LLP
10 South Wacker Drive
Chicago, Illinois 60606
(312) 207-1000

US_ACTIVE-110633719

# EXHIBIT A

# AGREEMENT

This Agreement is made this 8th day of August, 2012 by and between **The Marketing Store Worldwide, L.P.**, a Delaware limited partnership ("TMSW"), and **Wild Planet Entertainment, Inc.**, a _____ corporation ("Wild Planet").

## BACKGROUND

Wild Planet owes TMSW $$1,260,672 for product that was produced for and delivered to Wild Planet (the "Principal Amount"). Penalties, interest and fees accrue on the Current Amount at the rate of 1.5% per month (the "Finance Charges"). As of the date of this Agreement, accounting for Finance Charges through the date hereof, the amount owed to TMSW is $1,422,903 (the "Current Amount"). As of December 31, 2012, accounting for Finance Charges and assuming no interim payments by Wild Planet, the amount Wild Planet would owe TMSW would be $1,510,217 (the "December Amount"). TMSW currently has additional product in its inventory which was produced for, but has not been delivered to, Wild Planet (the "Aqua Pets Inventory"). TMSW has brought that certain action against Wild Planet captioned *The Marketing Store, L.P. vs. Wild Planet Entertainment, Inc. (No.: 1:12-cv-04338)*, to collect the Principal Amount and all accrued and unpaid Finance Charges. The parties desire to settle their differences with respect to this matter on the terms and conditions contained herein. Moreover, the parties desire to defer entry of a judgment against Wild Planet for amounts owed until December 31, 2012, provided Wild Planet does not first take action to seek bankruptcy protection.

NOW, THEREFORE, in consideration of the above premises and the following mutual covenants and conditions, the parties agree as follows:

**1. Owed Amount**. Wild Planet acknowledges and agrees that the Principal Amount is past due and currently due and owing. Wild Planet further acknowledges and agrees that it currently owes the Current Amount and that the Finance Charges are continuing to accrue on the Principal Amount. Wild Planet hereby acknowledges, agrees and affirms that it possesses no claims, defenses, offsets, recoupment or counterclaims of any kind or nature against or with respect to such amounts and hereby unconditionally, irrevocably and unequivocally waives and fully releases any and all such claims, defenses, offsets, recoupments or counterclaims.

(a) Wild Planet represents and warrants that it has secured and delivered to TMSW all rights, licenses and permissions necessary to allow TMSW to sell the Aqua Pets Inventory to the customers to whom Wild Planet had previously sold similar inventory, without violation of law or infringement of any third party rights (the "Inventory Sale"), other than permissions and licenses from Sega necessary for TMSW to effectuate the Inventory Sale without violation of any of Sega's rights, including its intellectual property rights (the "Sega Permissions"). As promptly as practical after the date hereof, Wild Plant will deliver the Sega Permissions. In the event that Wild Planet does not, on or before August 15, 2012, deliver the Sega Permissions in form reasonably satisfactory to TMSW, then TMSW shall be entitled to enforce the Confession of Judgment attached hereto as Exhibit A in the amount of the Principal Amount, *plus* all accrued and unpaid Finance Charges, *less* any payments by Wild Planet previously made to TMSW under Section 2(c) above, without further action or permission from Wild Planet or its representatives. Wild Planet hereby grants to TMSW a irrevocable, perpetual, worldwide and royalty free license to all its intellectual property necessary to allow TMSW to effectuate the Inventory Sale.

(b) TMSW shall attempt to effectuate the Inventory Sale. In the event of any such sale, the proceeds of the sale shall be allocated as follows: (i) the cost of the Aqua Pets Inventory sold, at Wild Planet's historical cost from TMSW, shall be retained by TMSW (the "Inventory Cost"); (ii) 50% of the

excess of the proceeds in excess of the Inventory Cost shall be retained by TMSW and applied first against accrued and unpaid Finance Charges and then against the Principal Amount; and (iii) 50% of the excess of the proceeds in excess of the Inventory Cost shall be remitted to Wild Planet.

(c) Wild Planet will use its best commercially reasonable efforts to pay the Principal Amount, plus all accrued and unpaid Finance Charges on such amount, as soon as reasonably practicable. Such payments by Wild Planet shall be applied first to accrued and unpaid Finance Charges and then to the Principal Amount.

(d) On December 31, 2012, Wild Planet shall pay an amount equal to the December Amount *less* any payments by Wild Planet previously made to TMSW under Section 2(b)(ii) above, *less*, any other payments by Wild Planet previously made to TMSW under Section 2(c) above (the "Final Payment").

(e) In the event that Wild Planet fails to make the Final Payment by December 31, 2012, then TMSW shall be entitled to enforce the Confession of Judgment attached hereto as Exhibit A in the amount of the Principal Amount, plus all accrued and unpaid Finance Charges, *less* any payments by Wild Planet previously made to TMSW under Section 2(b)(ii) above, *less*, any other payments by Wild Planet previously made to TMSW under Section 2(c) above, without further action or permission from Wild Planet or its representatives.

**2. Bankruptcy Protection.** In the event that Wild Planet invokes the protection of the United States Bankruptcy Code, whether under Chapter 11 or Chapter 7, before the Principal Amount plus all accrued and unpaid Finance Charges are paid in full (or within 95 days thereafter), then TMSW shall be entitled to enforce the Confession of Judgment attached hereto as Exhibit A in the amount of the Principal Amount, plus all accrued and unpaid Finance Charges, *less* any payments by Wild Planet previously made to TMSW under Sections 2(b)(ii) or Section 2(c) above which TMSW is entitled to retain (as determined by final and non-appealable judgment), without further action or permission from Wild Planet or its representatives.

**3. Indemnification by Wild Planet.** Wild Planet will fully indemnify TMSW and will hold it harmless from any and all claims, costs, damages, demands, expenses (including without limitation attorneys' fees), judgments, losses or other liabilities of any kind or nature whatsoever arising from or directly or indirectly related to a breach by Wild Planet of this Agreement or a failure by Wild Planet to comply with any or all of the provisions of this Agreement.

**4. Severability.** To the fullest extent that they may effectively do so under applicable law, the parties hereto hereby waive any provision of law which renders any provision of this Agreement invalid, illegal or unenforceable in any respect. Such parties further agree that any provision of this Agreement which, notwithstanding the preceding sentence, is rendered or held invalid, illegal or unenforceable in any respect in any jurisdiction shall be ineffective, but such ineffectiveness shall be limited as follows: (i) if such provision is rendered or held invalid, illegal or unenforceable in such jurisdiction only as to a particular person or persons or under any particular circumstance or circumstances, such provision shall be ineffective, but only in such jurisdiction and only with respect to such particular person or persons or under such particular circumstance or circumstances, as the case may be; (ii) without limitation of clause (i), such provision shall in any event be ineffective only as to such jurisdiction and only to the extent of such invalidity, illegality or unenforceability, and such invalidity, illegality or unenforceability in such jurisdiction shall not render invalid, illegal or unenforceable such provision in any other jurisdiction, and (iii) without limitation of clause (i) or (ii), such ineffectiveness shall not render invalid, illegal or unenforceable this Agreement or any of the remaining provisions hereof.

**5. Execution of Agreement.** This Agreement may be executed in several counterparts, each of which shall be considered an original, but which when taken together, shall constitute one agreement.

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed and delivered as of the date first written above.

**THE MARKETING STORE WORLDWIDE, L.P.**

By: Ned Flanagan *(Digitally signed by Ned Flanagan)*
    Name:
    Title:

**WILD PLANET ENTERTAINMENT, INC.**

By: _____
    Name: LARRY DEL SANTO
    Title: CEO

# EXHIBIT B

# EXHIBIT A

# CONFESSION OF JUDGMENT

**THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION, WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

This Confession of Judgment is issued pursuant to the Agreement between The Marketing Store Worldwide, L.P.("TMSW") and Wild Planet Entertainment, Inc. ("Wild Planet") dated August 8, 2012 ("Agreement"). All terms not defined herein shall have the same definition as in the Agreement.

This Confession of Judgment is expressly conditioned as follows:

1. In the event that Wild Planet invokes the protection of the United States Bankruptcy Code, whether under Chapter 11 or Chapter 7, (a) before the Principal Amount plus all accrued and unpaid Finance Charges are paid in full ("Payment in Full"), or (b) within 95 days after Payment in Full is made, then TMSW shall be entitled to enforce this Confession of Judgment in the amount of the Principal Amount, plus all accrued and unpaid Finance Charges, *less* any payments by Wild Planet previously made to TMSW under Sections 2(b)(ii) or Section 2(c) of the Agreement which TMSW is entitled to retain (as determined by final and non-appealable judgment), without further action or permission from Wild Planet or its representatives.

2. In the event that Wild Planet fails to make the Final Payment by December 31, 2012, then TMSW shall be entitled to enforce this Confession of Judgment in the amount of the Principal Amount, plus all accrued and unpaid Finance Charges, *less* any payments by Wild Planet previously made to TMSW under Section 2(b)(ii) of the Agreement, *less*, any other payments by Wild Planet previously made to TMSW under Section 2(c) of the Agreement, without further action or permission from Wild Planet or its representatives.

3. In the event that the conditions in Paragraph 1 or Paragraph 2 are met, the undersigned, on behalf of Wild Planet, hereby authorizes, irrevocably, any lawyer to appear for TMSW in any court of competent jurisdiction sitting in Illinois, in term time or vacation, at any time after the conditions in Paragraph 1 or Paragraph 2 are met, and confess a judgment, without further action or permission from Wild Planet or its representatives, in favor of TMSW, for the amount specified in Paragraph 1 or 2 (as applicable), together with reasonable costs of collection, including reasonable attorneys' fees, and waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.

Wild Planet hereby acknowledges and agrees to the foregoing.

Witness

WILD PLANET ENTERTAINMENT, INC.

By: *[signature]* LARRY DEL SANTO
Title: CEO
Date: AUGUST 10, 2012

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE MARKETING STORE WORLDWIDE, LP, | )<br>)<br>)<br>) |
| Plaintiff, | ) No.: 1:12-cv-04338 )<br>) |
| v. | ) Hon. Rebecca R. Pallmeyer )<br>) |
| WILD PLANET ENTERTAINMENT, INC., | )<br>) |
| Defendant. | )<br>)<br>) |

## AFFIDAVIT OF NED FLANAGAN

I, Ned Flanagan, declare as follows:

1. I have personal knowledge of the facts stated herein, and I am competent to testify if called upon as a witness.

2. I am employed by The Marketing Store Worldwide, LP ("TMSW"). Currently, my job title is Senior Vice-President, Retail Product. I have held that position since _2005_. In that capacity, I am familiar with TMSW's relationship with many of its business partners and customers, including details concerning market strategy and the financing and licensing of retail products. If called as a witness, I could testify competently to such facts.

3. In the course of exercising my duties, I have becomes familiar with the business relationship between TMSW and Wild Planet Entertainment, Inc. ("Wild Planet"), including TMSW's failure to make payments for invoices TMSW issued to Wild Planet. I have personal knowledge of this lawsuit, the settlement negotiations, the terms of settlement as memorialized in the settlement Agreement (the "Agreement"), and the parties' performance under the Agreement.

4. Pursuant to the Agreement, Wild Planet was obligated to secure licensing and intellectual property rights from Sega (the "Sega Permissions") so that TMSW could effectuate the sale of inventory owned by Wild Planet (the "Inventory Sale").

5. As of today's date, Wild Planet has not delivered the Sega Permissions.

6. Because Wild Planet has not delivered the Sega Permission, TMSW has not been able to effectuate the Inventory Sale.

Further Affiant sayeth not.

Dated: September 26, 2012                                   By: /s/

SIGNED AND SWORN to before me
this 26th day of September, 2012

/s/
Notary Public

**GAIL BROWN**
**OFFICIAL SEAL**
Notary Public, State of Illinois
My Commission Expires
April 12, 2015

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE MARKETING STORE WORLDWIDE, LP, | ) ) ) ) |
| Plaintiff, | ) No.: 1:12-cv-04338 ) |
| v. | ) Hon. Rebecca R. Pallmeyer ) |
| WILD PLANET ENTERTAINMENT, INC., | ) ) |
| Defendant. | ) ) ) |

## AFFIDAVIT OF ROBERT BRADY

I, Robert Brady, declare as follows:

1. I have personal knowledge of the facts stated herein, and I am competent to testify if called upon as a witness.

2. I am employed by The Marketing Store Worldwide, LP ("TMSW"). Currently, my job title is Vice-President, Global Controller. I have held that position since October 2009. In that capacity, I am familiar with the manner in which the business records maintained by TMSW are compiled, maintained, and retrieved, and I also have direct access to those business records. I have personal knowledge of how TMSW maintains its books and records for current and former customers and, if called as a witness, could testify competently to such facts.

3. In connection with making this Affidavit, I personally examined TMSW's records as they are kept in the ordinary course of business and the statements in this affidavit are based on information contained in those records.

4. Each of the documents I reviewed for this affidavit was maintained in the ordinary course of business by TMSW and depicts entries that were made at or near the time of the

transaction recorded by, or from information provided by, persons with knowledge of the activity and transactions reflected in such documents.

5. Wild Planet Entertainment, Inc. ("Wild Planet") has been delinquent on payments for invoices TMSW issued to Wild Planet for products delivered to and accepted by Wild Planet.

6. Wild Planet has made no payments to TMSW since August 8, 2012.

7. With all accrued and unpaid Finance Charges, Wild Planet now owes TMSW $1,444,246.

Further Affiant sayeth not.

Dated: September 24, 2012

By: Robert Brady

SIGNED AND SWORN to before me this __th day of September, 2012

Notary Public

GAIL BROWN
OFFICIAL SEAL
Notary Public State of Illinois
My Commission Expires
April 12 2015